IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael D. Inch,

               Plaintiff

        v.

United States of America,

               Defendant

Case No. 3:05CV7351
         [3:04CR774]


ORDER

This is a § 2255 case in which defendant, who plead guilty to a charge of unlawful possession of a firearm and received a six-month sentence, challenges his conviction and sentence on the basis of his lawyer's ineffective assistance of counsel.

For the reasons that follow, the petition shall be denied.

The petitioner was convicted in 1991 of domestic violence, a misdemeanor under Ohio law. After his purchase of a rifle from a licensed firearms dealer, the dealer learned about the conviction. He notified the Bureau of Alcohol, Tobacco and Firearms.

ATF agents went to the petitioner's house. He refused to surrender the rifle. The agents returned with a search warrant. Their search uncovered additional firearms, including a .22 caliber Beretta pistol.

Possession of this weapon despite the disability of a prior domestic violence conviction was the basis for petitioner's being charged with a violation of 18 U.S.C. § 922(g)(9).

Petitioner claims that his retained attorney failed to conduct an adequate investigation, raise available defenses, argue in mitigation, and, despite a request to do so, file a notice of appeal.

Petitioner's former attorney has provided an affidavit in which he disputes each of the petitioner's contentions.

Contrary to the petitioner's claims, it is clear that the attorney conducted a thorough investigation and contemplated possible defenses to the charge. He reasonably concluded that there were none. Without question, advising the petitioner to plead guilty was not only sensible, it was the best strategy in the face of a serious felony indictment.

In any event, the petitioner has not shown that he had a viable defense to the charge. Even if he could show that his attorney's investigation and preparation were deficient, he could not show prejudice.

The same is true with regard to petitioner's challenge to his attorney's performance at sentencing. The petitioner's advisory Guideline range was twelve to eighteen months; he received a six month sentence. This result hardly reflects ineffective assistance on the part of petitioner's attorney.

With regard to petitioner's contention that his lawyer failed to file a notice of appeal, I credit the attorney's statement that a decision was made not to file an appeal in view of the brevity of the petitioner's sentence, the risk of a greater sentence if petitioner's appellate challenge to his sentence and conviction were successful, and the lack of merit to any appeal.

Finally, the petitioner claims that his attorney was under the influence of alcohol at various times during his representation of the petitioner. He does not show how any such alleged impairment adversely

affected his lawyer's performance. In any event, this Court witnessed no such influence nor impairment during the attorney's appearance before it.

Petitioner has not shown that his lawyer's performance fell below constitutional norms. Nor has he shown that, even if counsel's performance had been constitutionally inadequate, he suffered any prejudice as a result of such deficiency.

It is, therefore,

ORDERED THAT the petition for relief under 28 U.S.C. § 2255 be, and the same hereby is, denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge